Barnard, P. J.
Under the case of White v. Miller, (71 N. Y., 118), the sale of the seed was with warranty.
The seed was ordered by Seiger, who did not disclose his agency, but who was in fact the agent of the plaintiff’s decedent. The catalogue of the defendants’ testator described particularly the kind of cabbage called “Excelsior Large Flat Dutch,” the seed of which was ordered. The catalogue also assures purchasers that they will get good seed. The plaintiff’s intestate was a farmer in Kings county, K. Y., and used the seed with proper care and cultivation so as to produce this crop of cabbage. The crop failed. The seed turned out to be mixed. A large proportion of it failed to head, and a large proportion failed to head properly. The quality ordered always heads with good cultivation. There was very little of the cabbage ordered in the yield. The loss was almost a loss of the entire crop.
It is true that in the case of Passinger v. Thornburn, (34. N. Y., 634), there was an express warranty that the seed would produce “Bristol Cabbages,” but there is no difference between a case of an express warranty and an implied one. The law merely assumes a contract from the orders for a particular kind and quality of seed, that it is such as ordered, and that it will produce the vegetable named.
Under these cases the measure of damages is the difference in value between the crop raised from the defective seed and a crop such as would have ordinarily been raised from the kind sold.
It was immaterial whether or not Sieger disclosed his agency. The real party may sue fora contract made by an agent who fails to disclose his principal. The refusals to find the plaintiff’s requests, from 1 to 8, were proper, as wholly immaterial. So it was not error to reject proof tending to show that the deceased plaintiff’s intestate was not in the Vick books as a purchaser. It was apparently erroneous to reject the proof of the value of the cabbage in August, 1881, the year in question. The case shows that the question was put to the witness Allen. It was put on the redirect examination by defendant, and the question *6 had been put the same witness on the direct examination, who answered that he knew nothing of the market only by reputation. He had neither bought nor sold in the market.
The judgment should therefore be affirmed with costs:
Pratt, J., concurs.